Christopher S. OWENS, Appellant,

v.

UNITED STATES POSTAL SERVICE; Marvin T. Runyon, Postmaster General, United States Postal Service, Appellees.

No. 93–3831.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1994.

Decided Oct. 13, 1994.

**1327**

W. Christopher Hodge, Knob Noster, MO, argued, for appellant.

Jerry Lee Short, Kansas City, MO, argued (Stephen L. Hill, Jr. and Jerry L. Short, on the brief), for appellees.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

Christopher S. Owens filed suit under the Rehabilitation Act of 1973, *as amended,* 29 U.S.C. §§ 701–797b, claiming that the United States Postal Service wrongly refused to hire him because of a disability. After a bench trial, the district court[1] found that Owens failed to establish a prima facie Rehabilitation Act case. We affirm.

**I**

During military service in 1984, Owens was burned over 22 percent of his body, including both hands. His scars healed well, and at the times relevant to this litigation he had good range of motion except for the little finger on his right hand.

Owens pled guilty to felony burglary in Kansas in 1986.

Owens later placed his name on the roster for a mail carrier position with the Postal

Service in Kansas City, Missouri. In 1988, when his name was reached on the employment register, Owens was called in by the Postal Service. Owens then filled out an application, including a reference to his conviction. In January and February of 1989, the Postal Service sent Owens for pre-employment medical check-ups. The physician, Dr. Michael J. Poppa, checked a box classifying Owens as "Low Risk/Restriction: [Owens] is medically qualified to perform essential functions of the position at the time of examination, but periodic medical follow-up is recommended." Jt.App. at 39 (Form 2485). Dr. Poppa added that he recommended "issue of cold weather protective clothing. [Owens] may be at increased risk for thermal injury to burn areas if exposed to prolonged extreme temperature changes." *Id.* J. Harris, a Postal Service nurse who also saw Owens, wrote after the first examination that Owens was "medically unacceptable or questionable," *id.* at 43, and after Owens' second visit that his "physical condition remains questionable," *id.* at 41.

In February 1989, Owens was told by the Postal Service that he was disqualified from the job due to his burglary conviction. Owens was also informed, however, that due to his disabled veteran status the Office of Personnel Management (OPM) would review his disqualification. *See* 5 C.F.R. 333.203(a). In June 1989, OPM affirmed the decision. In July 1989, however, OPM reversed itself and announced that the burglary conviction did not disqualify Owens.

As a result of the OPM decision, the Postal Service in September 1989 asked Owens to report for another medical examination. Owens, having made three visits to Dr. Poppa in January and February, refused, telling the Postal Service that he was seeking legal counsel. The Postal Service again asked Owens to submit to an exam. Owens again refused and filed a discrimination complaint with the Postal Service. He filed the present action in 1991.

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

At trial, Owens introduced an affidavit of Dr. Poppa stating that "the only cold weather clothing I believed he needed were (*sic*) special thermal protective gloves such as are used by professional athletes." *Id.* at 28 (Aff. of Poppa).

The district court found "that it is not uncommon for the Postal Service to require new physical examinations for an applica[nt] whose appointment has been delayed for six months or longer." *Owens v. Runyon,* 865 F.Supp. 614, 618 (W.D.Mo.1993). The court found that Owens could not "show that he was treated differently from other persons who have had their appointments initially disqualified or delayed for a lengthy period of time." *Id.* 865 F.Supp. at 618.

## II

■ Because Owens refused to undergo a second round of medical examinations, the Postal Service never determined whether or not he was qualified for the mail carrier job. The issue before us is whether Owens' refusal was justified. We hold that it was not.

The Equal Employment Opportunity Commission's regulations make clear that an agency may inquire as to an applicant's ability to meet the physical requirements of a job. 29 C.F.R. § 1613.706(a). This includes the power to condition job offers on the results of a medical examination (as long as all applicants, and not just disabled ones, are required to undergo the exam). 29 C.F.R. § 1613.706(b).

Owens suggests that since he seems to have been considered medically qualified by Dr. Poppa in February, the Postal Service had no right to reexamine him in September. We do not agree, for the district court found that all applicants, whether or not disabled, are subject to repeat exams. Speaking generally, a physical reexamination policy applicable to all whose applications have been delayed meets the requirements of 29 C.F.R. § 1613.706(b). With a specific view to this case, it is hard to see how an old evaluation that came to the conclusion that Owens was then fit but needed "periodic medical follow-up" could preclude a fresh examination after the application was inadvertently delayed. Jt.App. at 39. Owens cites to no authority which contradicts the common-sense idea (embodied in 29 C.F.R. § 1613.706) that an agency is entitled to a reasonably current pre-employment medical assessment.

■ The district court did not err in holding that Owens must show that he was treated differently from non-disabled applicants. As noted above, the district court also found that all applicants in fact are subject to the same requirements. We review such factual determinations regarding the existence of discrimination under the clearly erroneous standard. *Maulding v. Sullivan,* 961 F.2d 694, 697 (8th Cir.1992), *cert. denied sub nom. Maulding v. Shalala,* — U.S. ——, 113 S.Ct. 1255, 122 L.Ed.2d 653 (1993). No such error appears here.

Because Owens has not established that his application was handled in a manner different from that of other applicants, he failed to establish one element of a prima facie disability discrimination case. No further inquiry is needed.

The judgment is affirmed.[2]

---

2. In view of our holding, we deny as moot Owens' motions that we take judicial notice of certain Postal Service regulations and that he be permitted to supplement the record.